572 So.2d 847 (1990)
Arthur James SMITH
v.
STATE of Mississippi.
No. 07-KA-59241.
Supreme Court of Mississippi.
October 24, 1990.
Rehearing Denied December 12, 1990.
*848 F. Holt Montgomery, Jr., Pass Christian, James F. Thompson, Gulfport, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ..
HAWKINS, Presiding Justice, for the Court:
Arthur James Smith appeals his conviction in the circuit court of the First Judicial District of Harrison County under a two-count indictment of murder and aggravated assault.
Because Smith has not brought before this Court relevant portions of the trial record, we do not consider his assignment of error to the granting of State instructions. We likewise find his complaint as to the refusal of his instruction without merit, and affirm.

FACTS
The grand jury of the First Judicial District of Harrison County on July 16, 1987, indicted Arthur James Smith on two counts: murder of Deborah Kelly and aggravated assault with a deadly weapon, a handgun, upon Varanda Falconer. Following a trial he was found guilty on both counts and sentenced to life imprisonment for murder and 20 years for aggravated assault, the sentences to run consecutively. The judgment of conviction was signed and entered November 4, 1987. Motions for new trial and reduction of sentence were overruled and Smith has appealed.
The record on appeal does not contain any transcription of the State's case-in-chief. It contains the direct and cross-examination of Smith and Diane Spencer, a defense witness, and the testimony of Lisa Kilpatrick and James Middleton, rebuttal witnesses for the State.
It does not contain any of the trial proceedings wherein the instructions were considered and rulings made by the circuit judge.

LAW
Smith has three assignments of error, all dealing with either the granting or refusal of instructions. We do not consider his second assignment complaining of two instructions granted the State, because there is nothing in the record showing Smith objected to them at trial. Martin v. State, 354 So.2d 1114, 1118 (Miss. 1978).
Smith's first assignment complains of the court's refusal of defense Instructions D-2 and D-11:
JURY INSTRUCTION D-2
The killing of a human being is justifiable when committed by any person in resisting any attempt unlawfully to kill such person or to commit any felony upon him.
If you find from the evidence in this case that the killing of Deborah Kelly on March 11, 1987, was committed by Defendant in resisting an attempt unlawfully to kill him or commit a felony upon him, then you shall find Defendant Arthur James Smith not guilty of all charges, and shall so state by your verdict.

*849 JURY INSTRUCTION D-11
The Court instructs the jury that if you find from the evidence in this case that the Defendant Arthur James Smith killed Deborah Kelly by accident and misfortune in doing a lawful act with ordinary caution, or in the heat of passion with sudden and sufficient provocation, then you shall find Defendant Arthur James Smith not guilty of the crime of murder or of any lesser included offense concerning the death of Deborah Kelly.
The jury was amply instructed that before they could convict Smith the State had to prove the act was done "not in necessary self-defense." There is nothing in the record supporting his claim that Smith killed Kelly "by accident or misfortune in doing a lawful act with ordinary caution," and the remainder of the instruction is not a correct statement of the law. Moreover, the jury was fully and correctly instructed on manslaughter in the heat of passion. In reviewing error in the granting or refusal of instructions, this Court looks at all instructions, and if the jury was fairly, fully and accurately instructed on the law governing the facts of the case, failure to give a requested instruction not ground for reversal. Peel v. Gulf Transport Co., 252 Miss. 797, 174 So.2d 377 (1965); City of Meridian v. King, 194 Miss. 162, 11 So.2d 205, sugg. of error o'ruled 11 So.2d 830 (1943).
Smith's third assignment argues the failure of the court to grant Instruction D-7:
JURY INSTRUCTION D-7
The Court instructs the jury that no person may be convicted upon his reputation, character, or former convictions. Such testimony and evidence may be considered by you only in determining the weight and worth of the testimony of the defendant. In order to convict ARTHUR JAMES SMITH, the evidence in this case must prove the Defendant guilty beyond a reasonable doubt, and must not be based upon speculation, conjecture, or prejudice.
The State's brief responds:
As we have said above, it was appellant's duty to support his assignments of error with a proper record. This is no mere formality: the trial court's rulings are presumed to be correct in this court, appellant having the burden to show error in them of reversible proportion. Without a showing of what the trial court considered and the reasons for its ruling, it is simply impossible to gauge whether its ruling was correct or not. The result of appellant's failure to present a full record here is that the presumption of correctness stands unrebutted  appellant fails to carry his burden of proof. Accordingly, this court should deny relief in the third assignment of error.
This court should also decline to grant relief on the third assignment of error for the reason that appellant has provided no authority whatever to support his argument. It should also be noted that the assignment is hardly argued. This court has often said that it will not consider an unsupported assignment of error, e.g. Brown v. State, [534 So.2d 1019 (Miss. 1988)] No. 58,009, not yet officially reported (decided November 9, 1988). The court should refuse to entertain the instant assignment of error.
In view of the fact that there is no record here of the trial court's rulings on the jury instructions, we are unable to provide much in the way of an argument in support of the trial court's actions....
We must agree with the State. Without benefit of the trial transcript of what transpired when these instructions were presented to the circuit judge, we cannot predicate error on its refusal. As has been oft-stated, it is the duty of the appellant to see that the record of trial proceedings wherein error is claim is brought before this Court. Walker v. Jones County Community Hospital, 253 So.2d 385 (Miss. 1971).
AFFIRMED.
*850 ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.