641 So.2d 1223 (1994)
Lloyd James DILLON
v.
STATE of Mississippi.
No. 92-KP-00526.
Supreme Court of Mississippi.
August 18, 1994.
Lloyd Dillon, pro se.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
Before HAWKINS, C.J., and PITTMAN and BANKS, JJ.
HAWKINS, Chief Justice, for the Court:
In November of 1973 the petitioner Lloyd James Dillon pled guilty to charges of armed robbery and murder and was sentenced to two consecutive life terms.[1] On August 22, 1983, Dillon filed in the Circuit Court of Forrest County a motion titled "Petition for Concurrent of Sentences in Forma Pauperis."
The court papers contain no record of the outcome of that motion. However, on August *1224 26, 1991, Dillon filed a motion in the Circuit Court of Forrest County titled "Petition for Rehearing or in the Alternative Motion for Interlocutory Appeal" which was dismissed by Judge Richard McKenzie on March 24, 1992, on the grounds of res judicata. Without any further record to refer to we are forced to assume that this use of res judicata arose from the 1983 petition.
Dillon appealed on April 16, 1992. He cites as his only issue on appeal:

THIS ISSUE IS NOT RES JUDICATA AND NOT ESTOPPED FROM COLLATERAL ATTACK.
Dillon states in his "Petition for Concurrent of Sentences in Forma Pauperis" that he was, as of 1983:
incarcerated in the Miss. State Correctional Center, Parchman, Mississippi after being sentenced by th(e) Court to terms of two consecutively (sic) Life terms after pleading guilty to indictments turned against him by th(e) County Grand jury during the November 1973 term for charges of Armed Robbery and Murder.
As there are no other documents in this record to confirm or dispute these claims by Dillon, we must assume for the purpose of establishing the minimal facts of the case that they are true.
On August 2, 1983, Dillon filed the above mentioned "Petition for Concurrent of Sentences in Forma Pauperis". In it he claims that after he pled guilty he:
was subsequently transported to the Miss. State Correctional Center to commence Service of said Sentences, Where upon he was under the impression that the said Sentences were running concurrently. Petitioner being ignorant to the field of Law, was not advised by his Court-Appointed Attorney of the fact Petitioner Sentences would run consecutively in Accordance with Section 99-19-21, Miss.Code of 1972, after the serving a number of month's the Petitioner found that his Sentences of Life was [sic] running consecutively because of Miss. Statute 99-19-21 Authorized the Sentences to run consecutively unless the Court specify [sic] the Sentences to run concurrently.
He further claims that:
even tho [sic] his Court-Appointed Attorney did not make him knowledge [sic] of the consequences of his plea of guilty to the indictments of Murder and Armed Robbery, Petitioner feels accounting the laps time (sic) he has served on the sentences since his conviction, he's an [sic] considerable candidate for the relief asked in this Petition... .
Dillon appears to claim here that his attorney inadequately informed him about the proper sentences for his crimes. This is the closest that Dillon comes in this petition to raising a specific issue for the lower court to consider. It is difficult to determine this petition's ultimate disposition as the record contains no first-hand account of how it was addressed or even if it was addressed.
On August 22, 1991, Dillon filed a motion titled "Petition for Rehearing or in the Alternative Motion for Interlocutory Appeal." This petition asks the Forrest County Circuit Court to reconsider its August 7, 1991, dismissal of Dillon's "Motion for Proper Sentence(s)." Once again, however, the record proves to be deficient as it contains neither the "Motion for Proper Sentence(s)" nor the order which dismissed it.
The remainder of the August 22 petition consists of a summary of the law of res judicata and a statement that it should not be applied:
Petitioner contends that the present motion herein at barr [sic] has both factual and legal issues which were never decided upon by this court and the ruling on the issues was was [sic] not necessary to the decision in the prior case. i.e., it was dicta.

Petitioner would further submit that he has never filed any post conviction motions for relief with the exception of this present cause after August 1983, and the issues therein pertained to consecutive sentences.
Judge Richard McKenzie dismissed Dillon's "Petition for Rehearing or in the Alternative Motion for Interlocutory Appeal" on March 24, 1992, stating "the Court again *1225 finds that the original Petition filed herein is barred since this Court has previously ruled on the same Post-Conviction Writ in 1985." Presumably Judge McKenzie is referring to the order which dismissed Dillon's 1983 petition but as this order is not in the record it is impossible to be sure.
Dillon filed a Notice of Appeal as to this order on April 16, 1992. He designated as the record, "1. All clerk's papers, trial transcripts and exhibits filed, taken or offered in this case. 2. The order entered on the 24th day of March, 1992, denying petitioner Post Conviction motion."

LAW

THIS ISSUE IS NOT RES JUDICATA AND NOT ESTOPPED FROM COLLATERAL ATTACK.
Any attempt to analyze this case effectively is quickly thwarted by the inadequacy of the record. To simply establish the most basic facts about the case at bar requires the making of several significant assumptions. Although a few of these stabs in the dark might be permitted as to insignificant collateral matters, to make a full determination of this case the Court would have to blindly guess at the material facts upon which this case turns. This the Supreme Court cannot and should not do. "This Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973).
With this appeal, Dillon is in essence asking this Court to determine the res judicata effect of a judgment that is not in the record. Without having the actual judgment in front of us, it is quite impossible to determine what preclusive effect it might have. Simply put, the record is such that this Court cannot determine this case.
The proper course of action, therefore, is for this Court to remand to the lower court for the purpose of augmenting the record and more clearly setting out the issues. Once the necessary facts are before the Court a decision as to the merits of this case can be reached.
REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PRATHER, P.J., and SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J., and JAMES L. ROBERTS, Jr. and SMITH, JJ.
McRAE, Justice, dissenting:
By merely glancing at the majority's opinion, it becomes apparent that Dillon failed in his burden to present a record which is adequate to support his claims for post-conviction relief on appeal. Dillon did not rebut the presumption that the trial court was correct, and therefore, the holding of the lower court should be affirmed. Accordingly, I dissent.
As the majority correctly states, "Simply put, the record is such that this Court cannot determine this case." However, the majority incorrectly decides, "As there are no other documents in this record to confirm or dispute these claims by Dillon, we must assume for the purpose of establishing the minimal facts of the case that they are true." The majority unfortunately overlooks this state's case law which requires this Court to only consider matters in the record. Smith v. State, 572 So.2d 847, 849 (Miss. 1990); Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973); Walker v. Jones County Community Hospital, 253 So.2d 385 (Miss. 1971). We have recently held:
The rule of law requires that, through the record, the appellant must establish any facts underlying a claim of error. This Court cannot review an allegation of error without having before it a reviewable record; nor can this Court [sic] rely on assertions of fact in an appellant's brief.
Ross v. State, 603 So.2d 857, 861 (Miss. 1992). See Collins v. State, 594 So.2d 29 (Miss. 1992); Mason v. State, 440 So.2d 318, 319 (Miss. 1983).
It is an appellant's duty, regardless if he brings an appeal pro se or through counsel, to justify his arguments of error with a proper record, and if he does not, it is presumed *1226 that the trial court was correct in its ruling. Smith v. State, 572 So.2d 847 (Miss. 1990) provides:
[T]he trial court's rulings are presumed to be correct in this court, appellant having the burden to show error in them of reversible proportion. Without a showing of what the trial court considered and the reasons for its ruling, it is simply impossible to gauge whether its ruling was correct or not.
Smith, 572 So.2d at 849. The majority's assumption that Dillon's claims are true is merely that  an unsupported assumption.
Dillon is responsible for providing this Court with an adequate record, even if he brings this appeal pro se. The majority's action of remanding this cause to the lower court suggests that we are acting as his attorney rather than an appeals court. By no means can this Court be an advocate for either side of any action. He clearly has not complied with our procedures, and this appeal should be dismissed. If this Court feels obligated to aid Dillon in his appeal, at best, it should dismiss this cause without prejudice. However, because Dillon provided this Court with an inadequate record, he failed to disprove the presumption that the trial court was correct; therefore, the lower court's holding should be affirmed.
DAN M. LEE, P.J., and JAMES L. ROBERTS, Jr. and SMITH, JJ., join this opinion.
NOTES
[1] This information about Dillon's crime and initial sentencing comes from his motion of August 22, 1983 titled "Petition for Concurrent of Sentences in Forma Pauperis". (C.P. 6) There is no other reference to the events of 1973 anywhere else in the record so we are forced to assume for the purposes of establishing the minimal facts of the case that, at least in this respect, Dillon's petition is truthful.