# IN THE COURT OF APPEALS 12/17/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00760 COA

**CHARLES MATTHEWS**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**


**PER CURIAM AFFIRMANCE MEMORANDUM OPINION**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. R. KENNETH COLEMAN

COURT FROM WHICH APPEALED: MARSHALL COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

TIMOTHY R. BALDUCCI

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: JEFFREY A. KLINGFUSS

DISTRICT ATTORNEY: LAWRENCE L. LITTLE

NATURE OF THE CASE: CRIMINAL - BURGLARY OF A DWELLING

TRIAL COURT DISPOSITION: BURGLARY OF A DWELLING, HABITUAL OFFENDER: SENTENCED TO SERVE A TERM OF 10 YRS IN THE MDOC AS A HABITUAL OFFENDER

PER CURIAM:

Charles Matthews was convicted of the burglary of a dwelling. The Circuit Court of Marshall County sentenced Matthews to ten years in the custody of the Mississippi Department of Corrections as a habitual offender. Feeling aggrieved, Matthews appeals to this Court arguing that the trial court erroneously refused his proposed jury instruction D-5. Finding no error, we affirm.

## DISCUSSION

### DID THE TRIAL COURT ERR IN REFUSING JURY INSTRUCTION D-5 ON THE GROUND THAT SUCH WAS AN ATTEMPT TO DEFINE REASONABLE DOUBT?

Matthews asserts that the trial court erred in refusing instruction D-5 as an attempt to define reasonable doubt. Matthews asserts that "the instruction simply explained that mere suspicion did not rise to 'reasonable doubt.'" Matthews maintains that the instruction was not an attempt to define reasonable doubt.

At trial, the State objected to instruction D-5 asserting it was an attempt to define reasonable doubt. On appeal, the State asserts that Matthews' assignment of error is procedurally barred from our review because he failed to object to the trial court's refusal of instruction D-5. Alternatively, the State argues that the jury was adequately instructed on reasonable doubt, and the trial court's refusal of D-5 was not error.

Matthews' proposed jury instruction D-5 was as follows:

> The court instructs the jury that under the law no juror should nor has the right to convict the defendant upon mere suspicion regardless of how strong the suspicion may be nor simply because there may be a preponderance of evidence against the Defendant, nor merely because there is, or may be, a reason to suspect the Defendant is guilty. The Court now instructs you, ladies and gentlemen of the jury, that suspicion, no matter how strong or how great or how convincing, never rises to the dignity of evidence under the law, and before a jury on oath can lawfully convict, they must be convinced upon the evidence and the evidence alone that the Defendant is guilty beyond a reasonable doubt.

First, we are not bound to consider Matthews' claim that the trial court erred in refusing his proposed instruction D-5 because Matthews failed to object to its refusal. *See Nicholson ex rel. Gollott v. State*, 672 So. 2d 744, 752 (Miss. 1996). However, in considering Matthews' assignment of error on

its merits, we find no error.

The Mississippi Supreme Court has held "[i]n reviewing error in the granting or refusal of instructions, this Court looks at all instructions, and if the jury was fairly, fully and accurately instructed on the law governing the facts of the case, failure to give a requested instruction [is] not ground[s] for reversal." *Smith v. State*, 572 So. 2d 847, 849 (Miss. 1990) (citations omitted). Furthermore, "[w]here the jury is adequately instructed on reasonable doubt, it is not reversible error for the trial court to refuse to give a defense instruction on reasonable doubt." *Reynolds v. State*, 585 So. 2d 753, 755-56 (Miss. 1991) (citations omitted). We have reviewed the record in the present case, and it is clear that the jury was adequately instructed as to the State's standard of proof. We cannot say that the trial court erred in refusing instruction D-5. Accordingly, Matthews' assignment of error is without merit.

**THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO MARSHALL COUNTY.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**