# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00768-SCT

*ERIC DAMON O'FARRELL*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/27/96 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY, SR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED. - 12/08/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Eric O'Farrell was indicted by the Hancock County Grand Jury during the January, 1993 Term for the murder of Barry Poyadou on or about December 13, 1992, in violation of Miss. Code Ann. § 97-3-19(1)(a) (1972). On May 17, 1993, O'Farrell signed a petition to enter guilty plea on the reduced charge of manslaughter. Circuit Court Judge Jerry O. Terry sentenced O'Farrell to twenty years imprisonment in an order dated May 17, 1993, finding that O'Farrell's guilty plea was entered knowingly and voluntarily, and that there was a factual basis for the guilty plea. O'Farrell filed his Petition to Vacate Guilty Plea/Set Aside Conviction (hereinafter PCR motion), alleging that he entered his guilty plea upon erroneous advice from counsel, and that he did not receive effective assistance of counsel. Judge Terry denied O'Farrell's PCR motion in an order dated September 15, 1994. On September 18, 1995, O'Farrell filed a Petition for Out of Time Appeal In Forma Pauperis, reasserting his original post conviction relief claims. He subsequently filed a Supplemental Motion in

support of this petition. In a later motion, O'Farrell asserted that his reason for not filing a timely appeal from the trial court's denial of post conviction relief was that he was unaware of his right to appeal.

O'Farrell apparently filed a petition for writ of mandamus with this Court, requesting an order for the trial court to enter a ruling on his petition for out of time appeal. Judge Terry filed a Reply to Petition for Writ of Mandamus with this Court dated June 27, 1996, asserting that O'Farrell's petition for out of time appeal was without merit. Mistaking this reply as an order denying his petition, O'Farrell filed a notice of appeal from the June 27, 1996, "order." On August 22, 1996, Judge Terry finally did enter his order denying O'Farrell's petition for out of time appeal in forma pauperis. This Court remanded the order for compliance with the requirement of outlining reasons for the denial of pauper status. On remand, Judge Terry granted O'Farrell's petition for out of time appeal in forma pauperis in an order dated November 20, 1996. Although the record does not contain a notice of appeal from the September 15, 1994, order denying post conviction relief, this Court now sits in a position to review Judge Terry's original denial of post conviction relief through the lower court's granting of an out of time appeal.

## STATEMENT OF THE LAW

### I.

### DID THE TRIAL COURT ERR IN DENYING PETITIONER'S PCR MOTION UPON GROUNDS OF UNKNOWING, INVOLUNTARY GUILTY PLEA DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL?

O'Farrell asserts that his guilty plea was rendered involuntary and unknowing due to his attorney's deficient performance. He alleges that he shot his wife's brother-in-law, Barry Poyadou, in order to protect himself and his family when Poyadou attacked him in O'Farrell's home. He claims that he intended to scare Poyadou off with a warning shot, but instead accidentally hit Poyadou in the shoulder. Then, when Poyadou continued to attack him, he states that he shot him again for fear that Poyadou would overtake him and gain control of the gun. O'Farrell maintains that he acted in self defense and therefore was innocent of all charges. He argues that because his attorney failed to properly inform him of his rights, prepare adequately for trial, or file pre-trial motions, he was coerced into pleading guilty.

In *Boykin v. Alabama*, 395 U.S. 238 (1969), the United States Supreme Court held that reversible error occurs where the trial court record does not reflect that the defendant voluntarily and knowingly entered a guilty plea. *Boykin*, 395 U.S. at 242-44. For a plea to be knowing and voluntary, the record must reflect that the accused has been advised of his right to counsel, right against self-incrimination, right to trial by jury, and right to confront adverse witnesses. *Id*. In order to make a successful argument for ineffective assistance of counsel, the criminal defendant must show that 1) his attorney's performance was deficient, and 2) that but for the attorney's deficiency, the outcome of the proceedings would have been different. *Wiley v. State*, 517 So.2d 1373, 1378 (Miss. 1987) (*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The *Strickland* test also applies to the challenge of a guilty plea based upon ineffective assistance. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Trial counsel has a duty to reasonably investigate the law and facts of the case to prepare adequately for trial. *Strickland*, 466 U.S. at 690-91; *Ferguson v. State*, 507 So.2d 94, 96 (Miss.

1987); **Turner v. State**, 383 So.2d 489, 493 (Miss. 1980) (Bowling, J. dissenting); **Martin v. State**, 312 So.2d 5, 6 (Miss. 1975). Failure by counsel to adequately advise the criminal defendant of his rights is sufficient to prove ineffective assistance of counsel. **Nelson v. State**, 626 So.2d 121, 127 (Miss. 1993).

The State responds by asserting that O'Farrell fails to state a reason for granting an out of time appeal. However, this assertion is based upon a misconception that O'Farrell appeals to this Court from an order denying his request for an out of time appeal. The trial court has already granted O'Farrell leave to file an out of time appeal, so this argument is ineffectual.

The State otherwise contends that because O'Farrell has failed to include the plea hearing transcript in the record before this Court, we must assume that Judge Terry's acceptance of O'Farrell's guilty plea was proper. The State cites **Smith v. State**, 572 So.2d 847 (Miss. 1990), in support of its contention. In **Smith**, we accepted the argument in the State's brief that, "The result of appellant's failure to present a full record here is that the presumption of correctness stands unrebutted--appellant fails to carry his burden of proof." **Smith**, 572 So.2d at 849. The appellant carries the duty of providing this Court with the trial court record. **Id**. (*citing* **Walker v. Jones County Community Hospital**, 253 So.2d 385 (Miss.1971)).

O'Farrell responds to this argument by pointing out that it is unfair to place the burden of producing an adequate record upon inmates without assistance of counsel or adequate funds. Inmates filing pro se appeals from the denial of post conviction relief generally have little or no knowledge of the appellate process. It is seemingly unjust to place procedural requirements upon them and summarily dismiss their appeals for failure to comply with these requirements. However, as the law currently stands, the State is correct in its position that we cannot find trial court error without the benefit of the trial court record.

Even taking his statement of facts as true, O'Farrell could at least have been convicted of manslaughter under Miss. Code Ann. § 97-3-31 (1994) (unnecessary killing of another while resisting such other's attempt to commit a felony), § 97-3-35 (heat of passion manslaughter), or § 97-3-47 (every other homicide not otherwise defined being manslaughter). His contention of innocence, therefore, is without merit. The petition to enter guilty plea reveals that O'Farrell was at least given notice of his rights and the minimum and maximum penalties for manslaughter by signing the petition. However, this Court has stated:

> It is not enough to ask an accused whether counsel has explained his constitutional rights. Nor is a standardized petition to enter a plea sufficient standing alone. The court must go further and determine in a face-to-face exchange in open court that the accused knows and understands the rights to which he is entitled.

**Nelson**, 626 So.2d at 126 (*citing* **Wilson v. State**, 577 So.2d 394, 397-398 (Miss. 1991)). Without the benefit of a trial transcript or supporting affidavits, this Court has no basis for determining whether O'Farrell's claims of involuntary guilty plea and ineffective assistance of counsel are true.

## CONCLUSION

Although O'Farrell makes a convincing argument for shifting the burden of producing a sufficient

record on appeal, current law places that burden on the appellant. Without the plea hearing transcript or supporting affidavits, we cannot make a competent ruling on O'Farrell's claims of involuntary guilty plea and ineffective assistance of counsel. We therefore affirm the lower court's decision in this case.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**