¶ 1. This is a criminal appeal taken from the Circuit Court of Harrison County wherein the defendant, Michael Eugene McKnight, was found guilty of the crime of sexual battery and sentenced to serve twelve years in the custody of the Mississippi Department of Corrections. The defendant assigns eight errors to the lower court, contending that any one would require a reversal or a new trial. Finding no error in the defendant's assignments, we affirm the findings of the Circuit Court of Harrison County, and hold that:
 I. THE TRIAL COURT SHOULD NOT HAVE GRANTED DEFENDANT'S REPEATED MOTIONS FOR CONTINUANCES. *Page 314 
 II. THE TRIAL COURT SHOULD NOT HAVE GRANTED THE DEFENDANT'S MOTION TO DISMISS.
 III. THE TRIAL COURT WAS CORRECT IN RESTRICTING CROSS EXAMINATION OF THE VICTIM WHEN IT WAS APPARENT THAT SHE COMMITTED PERJURY.
 IV. JURY INSTRUCTIONS S-1 THROUGH S-4 WERE PROPER STATEMENTS OF THE LAW.
 V. THE TRIAL COURT WAS CORRECT IN DENYING INSTRUCTIONS D-1 AND D-9.
 VI. THE PROSECUTOR'S COMMENTS DURING CLOSING ARGUMENT WERE WITHIN THE SCOPE PERMITTED.
 VII. THE TRIAL COURT WAS CORRECT IN DENYING THE DEFENDANT'S MOTION FOR A NEW TRIAL.
 VIII. THE JURY WAS PROPERLY INSTRUCTED.
 FACTS
¶ 2. Michael Eugene McKnight was convicted of sexual battery for the act of inserting his finger into the vagina of A.M., who was one week past her fourteenth birthday at the time. McKnight worked for A.M.'s father and had previously been married to her aunt. He was spending the night with the girl's family in their mobile home on the night of the incident when he came in drunk around 2:00 a.m. A.M. testified that McKnight went into her bedroom and, while she pretended to be asleep because she was afraid to confront him, began whispering her name. He then "messed with" and kissed her ears and neck and put his finger into her vagina. The victim informed no one until after school the next day when she told her mother's friend, who was also her boyfriend's mother. This person informed A.M.'s mother, who reported it to the sheriff's office, and McKnight was subsequently arrested. Other facts will be discussed as needed throughout the opinion.
 DISCUSSION OF THE ISSUES I. THE TRIAL COURT SHOULD NOT HAVE GRANTED DEFENDANT'S REPEATEDMOTIONS FOR CONTINUANCES.
¶ 3. McKnight asked for three continuances during the trial and claims that the court erred in refusing them. The first two were requested so that his daughter, a defense witness, could be located and brought into court. The third request for a continuance came on the third day of the trial and was requested so that McKnight, the appellant, could be located since he failed to appear in court.
¶ 4. The record shows that McKnight's daughter did show up, prepared to testify, on the third day of the trial. Therefore, the appellant suffered no prejudice from the denial of the first two requested continuances. The record also shows that McKnight was present for the first two days of his trial, and that at the end of the second day of the trial, the trial judge instructed that court would reconvene the next morning at 8:30. At 11:20 a.m. on the third day of the trial, the appellant had yet to appear when defense counsel's request for the third continuance was denied.
¶ 5. The defense argues that McKnight had a right to be present at his trial. This right is undeniable. The question is whether or not he, by his truancy on the third day, waived that right. This issue has been addressed in Sandoval v. State, 631 So.2d 159, 161-64 (Miss. 1994) and McMillian v. State, 361 So.2d 495, 496-97 (Miss. 1978). Both cases interpret Miss. Code Ann. §99-17-9 (Rev. 1994) which provides as follows:
 In criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto . . . . *Page 315 
McKnight argues that he was not in custody, as required by the statute, and therefore the court could not waive his presence.McMillian, 361 So.2d at 497, does not support this contention, holding that a defendant "who was present when trial began and the jury examined, selected and sworn, was found that custody at the time he voluntarily left . . . ." Also, the court in Sandoval, 631 So.2d at 164, affirmed the decisions of the Mississippi Supreme Court prior to Samuels v. State, 567 So.2d 843 (Miss. 1990), on the facts of this case, stating: "that an accused felon present at the commencement of his trial may thereafter waive his appearance by absenting himself from the trial. Under those facts, the trial may be continued in the Court's discretion." These decisions, and the above statute upon which they are based, have one common premise: if the defendant voluntarily absents himself from the trial at any point after the trial begins, the trial can go on in his absence. McKnight was present for the first two days of his trial and then disappeared. He thus waived his right to be present for the rest of his trial and justified the court to proceed.
¶ 6. McKnight's counsel argues that McKnight was prejudiced in his defense, since he was not at the trial on the third day to testify in his own defense and to decide whether or not to call his daughter to testify. This is a specious argument. The record clearly shows that McKnight's counsel told the trial court that he would advise his client, if he were present, that it would not be in his best interest to put his daughter on the stand. There is no merit in this argument that McKnight was prejudiced and did not receive a fair trial.
¶ 7. We do not find that the trial court committed error in denying continuances to assure the presence of a witness who ultimately came to court but whose testimony was not elicited because the defense counsel determined that the testimony would not be in his client's best interest. We also find no error in the court's denial of a continuance to find the appellant, who had voluntarily absented himself from the last day of the trial after having been present for the first two days of the trial. The lower court did not abuse its discretion in declining to grant these continuances.
II. THE TRIAL COURT SHOULD NOT HAVE GRANTED THE DEFENDANT'S MOTIONTO DISMISS.
¶ 8. McKnight claims that the evidence was insufficient to sustain a conviction for the crime of sexual battery since the only evidence offered that showed that sexual penetration had taken place was the uncorroborated testimony of the victim, who admitted to the court that she had committed perjury during her testimony regarding her virginity at the time of the encounter with McKnight. Precedent in this jurisdiction holds that the unsupported word of the victim of a sex crime is sufficient for conviction, unless it is substantially contradicted by other credible testimony or physical facts. In Otis v. State,418 So.2d 65, 67 (Miss. 1982), the court found that the word of a fifteen year old retarded girl who was raped was sufficient for conviction where there was no physical evidence. In Christianv. State, 456 So.2d 729 (Miss. 1984), the court affirmed a conviction where there was no evidence of a weapon or a sign of external injury. The word of the prosecutrix was sufficient to prove guilt. Id. at 734.
¶ 9. In this case, there is no material contradiction of the victim's testimony concerning the attack by McKnight, neither is her testimony discounted by physical evidence. Though she did lie on the witness stand regarding her virginal status, she later explained that she did so because her parents were in the courtroom and she did not want them to know that she had been sexually active. Whether she had had consensual sex prior to this incident is not a relevant issue as to the charge that McKnight, without her permission and against her will, inserted his finger into her vagina on the night of February 11, 1996. It is well established in this *Page 316 
state that the credibility of a witness is a matter for the jury. Anderson v. State, 461 So.2d 716, 719 (Miss. 1984); Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983);Billiot v. State, 454 So.2d 445, 463 (Miss. 1984).
¶ 10. In Allman v. State, 571 So.2d 244 (Miss. 1990), the defendant asked for a jury instruction that the uncorroborated word of the child victim was insufficient. The court upheld the trial judge's refusal of that instruction as an incorrect statement of law. Id. at 250. Numerous cases hold that a rape victim's uncorroborated testimony alone is sufficient where it is consistent with the circumstances. Goss v. State,465 So.2d 1079, 1082 (Miss. 1985); Barker v. State, 463 So.2d 1080, 1082 (Miss. 1985); Blade v. State, 240 Miss. 183, 126 So.2d 278, 280 (1961); Buchanan v. State, 225 Miss. 399, 83 So.2d 627, 630 (1955).
¶ 11. In Allman, the court said:
 It is not our function to determine whose testimony to believe. Thomas v. State, 495 So.2d 481 (Miss. 1986); Anderson v. State, 461 So.2d 716 (Miss. 1984); and Groseclose v. State, 440 So.2d 297 (Miss. 1983). We will not disturb a jury's finding on conflicting testimony where there is substantial evidence to support the verdict. Billiot v. State, 454 So.2d 445 (Miss. 1984); Thomas v. State, 495 So.2d 481
(Miss. 1986). Furthermore the evidence is considered by this Court in the light most favorable to the verdict. Fisher v. State, 481 So.2d 203 (Miss. 1985), and Inman v. State, 515 So.2d 1150 (Miss. 1987) (quoting Pinson v. State, 518 So.2d 1220, 1224 (Miss. 1988)).
 The jury's verdict in this case is given great deference. The purpose of our justice system in allowing a minor to testify in a case such as the one at hand is to hear what she has to say and let the jury weigh her testimony, together with all the other witnesses. We hold the jury's verdict was not against the overwhelming weight of the evidence and this assignment of error is without merit.
Allman, 571 So.2d at 253. The Mississippi Supreme Court's holding in Allman is controlling in this case. The evidence was sufficient for conviction.
III. THE TRIAL COURT DID NOT UNDULY RESTRICT THE CROSS EXAMINATIONOF THE VICTIM.
¶ 12. McKnight claims that his cross-examination of the victim regarding her sexual history was unduly restricted by the trial court. The record does not support this. The only portion of this testimony in which the trial court might have imposed a restriction came as the result of a bench conference which was not made a part of the record. In similar situations, it has been consistently decided that, in the absence of a record supporting an argument, the court must uphold the trial court. In Smith v.State, 572 So.2d 847 (Miss. 1990), the denial of an instruction was assigned as error, but the discussion regarding the denial was not included in the record. The court said:
 As we have said above, it was appellant's duty to support his assignments of error with a proper record. This is no mere formality: the trial court's rulings are presumed to be correct in this court, appellant having the burden to show error in them of reversible proportion. Without a showing of what the trial court considered and the reasons for its ruling, it is simply impossible to gauge whether its ruling was correct or not. The result of appellant's failure to present a full record here is that the presumption of correctness stands unrebutted — appellant fails to carry his burden of proof. Accordingly, this court should deny relief in the third assignment of error.
 * * *
 Without benefit of the trial transcript of what transpired when these instructions were presented to the circuit judge, we *Page 317 
cannot predicate error on its refusal. As has been oft-stated, it is the duty of the appellant to see that the record of trial proceedings wherein error is claim[ed] is brought before this Court. Walker v. Jones County Community Hospital, 253 So.2d 385 (Miss. 1971).
Smith, 572 So.2d at 849.
¶ 13. We also reject the argument that it is the trial court's responsibility to present the reviewing court with a complete record. In Jackson v. State, 684 So.2d 1213 (Miss. 1996), the court said:
 Jackson alleges that the circuit court failed to present this Court with a complete record of the instructions presented to the jury during both the guilt and sentencing phases of the trial. He claims, therefore, that it is impossible to review errors he has raised regarding various jury instructions. However, "it is the duty of the appellant to see that the record of the trial proceedings wherein error is claim[ed] is brought before this Court." Smith v. State, 572 So.2d 847, 849 (Miss. 1990); Burney v. State, 515 So.2d 1154, 1160 (Miss. 1987); Robinson v. State, 345 So.2d 1044, 1045 (Miss. 1977).
Jackson, 684 So.2d at 1226.
¶ 14. In Dillon v. State, 641 So.2d 1223 (Miss. 1994), the court said:
 Any attempt to analyze this case effectively is quickly thwarted by the inadequacy of the record. To simply establish the most basic facts about the case at bar requires the making of several significant assumptions. Although a few of these stabs in the dark might be permitted as to insignificant collateral matters, to make a full determination of this case the Court would have to blindly guess at the material facts upon which this case turns. This the Supreme Court cannot and should not do. "This Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973).
Dillon, 641 So.2d at 1225. McKnight apparently made his argument to the trial court on the objection to his cross-examination of the victim, A.M., at the bench and off the record and it is therefore not properly before this Court, as was the case in Smithv. State, 572 So.2d 847 (Miss. 1990).
¶ 15. Also, this bench conference came prior to the testimony of the victim that she was a virgin. It is not likely that an objection at this point, on or off the record, would have referred to the issue of her virginity or prior sexual activity. McKnight must then be referring, not to his cross-examination of the victim, but to his direct examination of the victim when she was called as a defense witness. At that time, McKnight was allowed to call her to the stand to impeach her by asking her again if she was a virgin and if she knew what being sexually aroused meant. At this point she admitted that she was not a virgin and that she had previously lied. This is exactly what the defense requested and there was no restriction.
¶ 16. Also, the defense cites no authority in support of this assignment of error, nor has he made any argument based on any legal standard or precedent. The court in Harris v. State,386 So.2d 393, 396 (Miss. 1980) stated, "Where assignments of error are unsupported by argument and authority, the Court does not, as a general rule, consider them." (quoting Ramseur v. State,368 So.2d 842, 844 (Miss. 1979).
¶ 17. There is no merit to this claim for lack of authority, lack of a complete record, and lack of support for the proposition in the record as it exists.
IV. JURY INSTRUCTIONS S-1 THROUGH S-4 WERE PROPER STATEMENTS OFTHE LAW.
¶ 18. McKnight assigns as error the trial court's granting of jury instructions S-1 through S-4. The record shows that the *Page 318 
referenced jury instructions read as follows:
 S-1
 The Court instructs the jury that the defendant, Michael Eugene McKnight, is charged by an Indictment with the crime of Sexual Battery.
 If you find from the evidence in this case beyond a reasonable doubt that:
 1. on or about February 12, 1996, in the First Judicial District of Harrison County, Mississippi,
 2. the Defendant, Michael Eugene McKnight did wilfully, purposely, unlawfully and feloniously engage in sexual penetration with A.M., that
 3. without the consent of A.M.,
 4. by inserting his finger into the vagina of the said A.M., then you shall find the Defendant, Michael Eugene McKnight, Guilty of Sexual Battery.
 If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant Not Guilty of Sexual Battery.
 S-2 The Court instructs the Jury that "sexual penetration" is any penetration of the genital and anal openings of another person's body by any part of a person's body.
 S-3 The Court instructs the Jury that in order to sustain a conviction for the crime of Sexual Battery, some penetration must be proven beyond a reasonable doubt. However, it need not be full penetration. Even the slightest penetration is sufficient to prove the crime of Sexual Battery.
 S-4 The Court instructs the Jury that voluntary intoxication is not a defense to a criminal act and therefore, if you believe from the evidence in this case beyond a reasonable doubt that the Defendant was intoxicated on February 12, 1996, and that this intoxication was voluntary on his part and if you further find beyond a reasonable doubt that the defendant committed the acts charged herein, then you are hereby instructed that intoxication is no defense to said acts and you shall find the Defendant Guilty as charged.
¶ 19. McKnight cites no authority that the trial court erred in granting Jury Instruction S-1. The instruction is clear and precisely spells out the elements of the crime, and we find no merit in McKnight's claim that it is confusing.
¶ 20. We also find that Instruction S-2, which defines sexual penetration, is an accurate representation for application of the facts of this case of Miss. Code Ann. § 97-3-97(a) (Rev. 1994), which states:
 "Sexual penetration" includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body.
Instructions S-2 and S-3 accurately reflect precedent as to what constitutes penetration. Wilson v. State, 606 So.2d 598, 599 (Miss. 1992), said that the State must prove that there was "some" penetration. Also, the court in Jackson v. State, 452 So.2d 438, 440 (Miss. 1984), found that only "slight penetration" was needed for conviction.
¶ 21. McKnight protests that Jury Instruction S-4 was given without the issue of intoxication having been placed before the jury. The record clearly shows that McKnight gave a statement to the sheriff which stated that he was so intoxicated on the night of the incident that he did not remember what he did. Because McKnight himself placed his intoxication *Page 319 
at issue, the requisite basis existed for the trial court to grant this instruction. Davis v.State, 684 So.2d 643, 653 (Miss. 1996). The instruction was justified by the evidence and was a proper instruction of law as applied to this case.
¶ 22. All instructions were correct statements of law and the trial court did not err in granting any of them.
V. THE TRIAL COURT WAS CORRECT IN DENYING JURY INSTRUCTIONS D-1AND D-9.
¶ 23. McKnight claims error in the trial court's denial of Instruction D-1, stating that the court should have instructed the jury to return a verdict of "Not Guilty." This instruction was properly denied because the State had presented sufficient evidence for conviction. (See above Issue II).
¶ 24. The trial court also properly refused Instruction D-9. That instruction read:
 The Court instructs the jury that consent is a defense to a Sexual Battery charge. Consent may be manifested by signs, actions, or facts, or by inaction or silence, from which arises an inference that the consent has been given. It exists where a person by his line of conduct has shown a disposition to permit another person to do a certain thing without raising objection thereto.
 The State has the burden to prove that A.M. did not consent to Michael Eugene McKnight's acts on February 12, 1996. If the State has failed to prove beyond a reasonable doubt that A.M. did not consent to Michael Eugene McKnight's acts of February 12, 1996, you must return a verdict of Not Guilty.
 Instruction S-1 spelled out that consent was one of the necessary elements of the crime that must be proved. Instruction D-6A also informed the jury that sexual penetration had to be without the consent of A.M. That instruction says:
 The Defendant, Michael Eugene McKnight, has been charged by indictment of the crime of Sexual Battery.
 If you find from the evidence in this case beyond a reasonable doubt that:
 1. on or about February 12, 1996, in the First Judicial District of Harrison County, Mississippi,
 2. the Defendant, Michael Eugene McKnight, did wilfully, purposely, unlawfully and feloniously engage in sexual penetration of A.M. by inserting his finger into the vagina of A.M., and
 3. such penetration was without the consent of A.M., then you shall find the Defendant, Michael Eugene McKnight guilty of Sexual Battery.
 If the State has failed to prove any one or more of these essential elements of the crime of Sexual Battery, then you shall find Michael Eugene McKnight not guilty of the crime of Sexual Battery and you will proceed with your deliberations to decide if the State has proved beyond a reasonable doubt all of the essential elements of the crime of Simple Assault . . . .
The Mississippi Supreme Court has stated many times that an instruction which instructs the jury on the law, according to the facts, is sufficient, and a duplicate instruction in different words, requested by the defendant, is not required. Clemons v.State, 535 So.2d 1354, 1360 (Miss. 1988). Also, a court is not required to instruct the jury over and over on a point of law, even though some variations are used in different instructions. If the jury is fairly instructed by other instructions, the refusal of similar instructions is not reversible error. Calhoun v. State,526 So.2d 531, 533 (Miss. 1988); Laney v. State,486 So.2d 1242, 1246 (Miss. 1986).
¶ 25. The trial court committed no error in the denial of Instructions D-1 and D-9.
VI. THE PROSECUTOR'S COMMENTS DURING CLOSING ARGUMENT WERE WITHINTHE SCOPE PERMITTED. *Page 320 
¶ 26. This court finds that the prosecutor's remarks during closing argument were well within the scope permitted by former decisions in this State. It is well established that there will be no reversal unless the prosecuting attorney's argument created "unjust prejudice against the accused resulting in a decision influenced by prejudice." Johnson v. State, 596 So.2d 865, 869 (Miss. 1992); Ormond v. State, 599 So.2d 951, 961 (Miss. 1992);Dunaway v. State, 551 So.2d 162, 163 (Miss. 1989); Craft v.State, 226 Miss. 426, 84 So.2d 531, 535 (1956).
¶ 27. The record has been carefully reviewed, and we do not find that the prosecutor has gone outside the record. Her arguments were based on evidence presented to the jury. The record clearly shows that when Vivian Duvall testified, she was asked at length about the conversations she had had with the sheriff's office and the DA's office that A.M. was giggling and giddish when she told her about the sexual assault by McKnight the night before. McKnight asserts that the prosecutor's comments during closing regarding this testimony are not in evidence; however, we find that they are fair comments on evidence presented at trial.
¶ 28. McKnight also claims that the prosecutor's references to him as a sex offender impugned his veracity and were prejudicial. InSimpson v. State, 497 So.2d 424 (Miss. 1986), the prosecutor called the defendant a liar and the trial court overruled the defense objection, noting the wide latitude allowed during argument. The court in Simpson said:
 In this case, the comment by the prosecutor was that the defendant was not telling the truth about the events of March 4, 1982. That can hardly be said to be an extraneous issue, since, if the State believed Simpson's story, he would not have been tried. There is no error here.
Simpson, 497 So.2d at 431-32. McKnight was on trial for sexual battery and the State had presented its proof of the required elements of the charge against him. The prosecutor's reference to McKnight during closing argument is within the latitude granted for closing and consistent with Simpson.
¶ 29. McKnight also finds the reference to the victim as a child prejudicial. At the time of the sexual battery, A.M., the victim, was just nine days past her fourteenth birthday. Again, we find this reference to be within the latitude granted to the discretion of prosecutors.
¶ 30. The prosecutor's statements were well within the proper bounds in the closing argument and there is no reversible error to this claim.
VII. THE TRIAL COURT WAS CORRECT IN DENYING THE DEFENDANT'S MOTIONFOR A NEW TRIAL.
¶ 31. McKnight claims that the conviction was against the weight of the evidence and that a new trial should be granted. In reviewing the weight of the evidence, all of the evidence must be considered in the light most favorable to the prosecution. Jackson v. State,551 So.2d 132, 146 (Miss. 1989); McCurdy v. State,511 So.2d 148, 150 (Miss. 1987). Jackson states:
 If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the assignment of error should be sustained. On the other hand, if there is substantial evidence in the record of such quality and weight that having in mind the beyond-a-reasonable-doubt burden-of-proof standard, reasonable fair minded men in the exercise of impartial judgment might reach different conclusions regarding the guilt of the defendant, we have no authority to disturb the jury's verdict.
Jackson, 551 So.2d at 146.
¶ 32. Applying this standard, we cannot say that the evidence presented by McKnight outweighed that of the prosecution. *Page 321 
We therefore find that the trial court was correct in refusing a motion for a new trial.
VIII. THE JURY WAS PROPERLY INSTRUCTED.
¶ 33. McKnight on appeal, for the first time, raises as error the issue that the trial court refused to answer a question posed by the jury after they had begun their deliberations. McKnight claims that the question asked showed that the jury was confused on a basic element of the case. However, there is no record that an objection was made at trial regarding this issue. This State's supreme court has said many times that a trial court cannot be put in error on a matter which was not put to it for a decision.Crenshaw v. State, 520 So.2d 131, 134 (Miss. 1987). Also, McKnight cites no authority for this. The court in Harris, 386 So.2d at 396 stated: "Where assignments of error are unsupported by argument and authority, the Court does not, as a general rule, consider them." (quoting Ramseur, 368 So.2d at 844).
¶ 34. This allegation of error is also without merit. After the jury retired for deliberation, two notes were sent to the trial judge. One note asked, "We would like to know what justifies consent. Did Michael E. McKnight work for the father after the alleged incident?" The second note said, "What happens if we have two people on both sides of the verdict guilty/not guilty who will not change their mind to the other side?" The judge replied to both of these inquiries, "You have received all the evidence in this case and have received the instructions of law. Please resume your deliberations."
¶ 35. The guideline to follow when a jury has a question about a case on which it is deliberating is enunciated in Girton v. State,446 So.2d 570, 572 (Miss. 1984). Girton states, "Our first recommendation is that the circuit judge determine whether it is necessary to give any further instruction. Unless it is necessary to give another instruction for clarity or to cover an omission, it is necessary that no further instruction be given." The trial court followed this directive in deciding that the jury had been adequately instructed, having received all of the evidence and instructions of law. The trial judge was correct in not providing a supplemental instruction and there is no error.
¶ 36. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OFCONVICTION OF SEXUAL BATTERY AND SENTENCE TO TWELVE YEARS IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ,IRVING, PAYNE, AND THOMAS, JJ., CONCUR. *Page 742