LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On June 8, 2004, Wayne Nunn was driving his vehicle on County Road 2115 in Attala County when his passenger discarded a beer can from the window of the car. Nunn was stopped moments later by Offi *80 cer Zellie Shaw of the Leake County Sheriffs Department who charged Nunn’s passenger with littering. While Nunn was able to supply Officer Shaw with his driver’s license, he could not produce proof of insurance. Officer Shaw wrote Nunn a citation for failing to have motor vehicle liability insurance at the time of the stop.
¶ 2. On June 16, 2004, Nunn was tried in absentia in justice court and found guilty of operating a motor vehicle without liability insurance. Nunn then appealed to the Attala County Circuit Court, where the cause was tried de novo on September 7, 2004. The trial court found Nunn guilty, ordering Nunn to pay a $1,000 fine and suspending Nunn’s driver’s license for one year beginning September 17, 2004.
¶ 3. Nunn now appeals, arguing that the trial court erred in failing to reduce his fine upon Nunn’s presentation of insurance to the circuit court clerk pursuant to Mississippi Code Annotated Sections 63-15-3(j) and 63-15-4(4) and (5) (Rev.2004).
¶ 4. Finding no error, we affirm.
ANALYSIS
¶ 5. Nunn is proceeding pro se on appeal, and has represented himself throughout the course of his defense. His brief does not state specific issues for our review, but does specifically request the relief of a reduced fine. We consider Nunn’s pro se status as we review his brief, so that any meritorious claims may not be obscured due to inartful drafting. Ford v. State, 708 So.2d 73, 76(1112) (Miss.1998). We have framed the following issue from the arguments presented in Nunn’s brief:
I. SHOULD NUNN’S FINE HAVE BEEN REDUCED?
¶ 6. Nunn argues that his fine should have been reduced from $1,000 to $100 pursuant to Mississippi Code Annotated Section 63-15-4 (Rev.2004). We note that effective July 1, 2005, the applicable fine in sub-section (4) has been reduced from $1,000 to $500. Miss.Code Ann. § 63-15-4(4) (Supp.2005). However, because Nunn was charged on June 8, 2004, this change is inapplicable. The germane sub-section provides in pertinent part as follows:
Failure of the owner or the operator of a motor vehicle to have the insurance card in the motor vehicle is a misdemeanor and, upon conviction, is punishable by a fine of One Thousand Dollars ($1,000.00) and a suspension of driving privilege for a period of one (1) year or until the owner of the motor vehicle shows proof of liability insurance that is in compliance with the liability limits required by Section 63 — 15—3(3).
Miss.Code Ann. § 63-15^(4) (Rev.2004).
¶ 7. At his first trial, Nunn not only failed to appear in justice court, but also failed to present proof of insurance. He was properly fined $1,000, and his license was suspended in conformity with the statute. Nunn appealed to circuit court, and although he appeared for court, he again failed to show proof of insurance at trial. Nunn also testified that he did not have insurance on June 8 when he was stopped by Officer Shaw. Nunn was fined $1,000, and his license was properly suspended.
¶ 8. Mississippi law does provide an avenue for relief from the $1,000 fine. Section 63-15-4(5) provides, “[i]f at the hearing date or the date of the payment of the fine, the motor vehicle owner shows proof of motor vehicle liability insurance in the amounts required by Section 63 — 15—3(j), the fine shall be reduced to One Hundred Dollars ($100.00).” This sub-section statute further provides, “[i]f the owner shows proof that such insurance was in effect at the time of the citation, the fine of One Hundred Dollars ($100.00) and the court costs shall be waived.” Id.
*81 ¶ 9. Nunn argues that he presented proof of insurance to the circuit clerk, but the clerk did not reduce his fine. The record does not support Nunn’s assertion. Nothing in the record indicates that Nunn presented anyone with any proof of insurance. This Court will not consider matters not contained in the record, and we must confíne our review to what appears in the record. Dillon v. State, 641 So.2d 1223, 1225 (Miss.1994). We are mindful that Nunn has attached as an exhibit to his brief a page of an insurance bill and a copy of a document bearing an insurance policy number but no named insured; however, there is no indication that this information was ever presented to the trial court or the clerk, or, assuming Nunn is presently insured, that the policy indicated in the exhibits conforms with the insurance limits mandated in Section 63-15-3®. Accordingly, we find no error.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF DRIVING WITHOUT PROOF OF INSURANCE AND SUSPENSION OF APPELLANT’S DRIVER’S LICENSE FOR ONE YEAR AND FINE OF $1,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.