881 So.2d 373 (2004)
Paul LYONS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01780-COA.
Court of Appeals of Mississippi.
August 31, 2004.
*374 Paul Lyons (Pro Se).
Office of the Attorney General by John R. Henry, attorney for appellee.
*375 Before KING, C.J., LEE and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. Paul Lyons was convicted by a jury in the Circuit Court of Lincoln County of felony possession of a controlled substance with the intent to distribute. Lyons was found to be an habitual offender and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Lyons appeals to this Court and asserts the following issues, which we have restated as follows:
I. Whether the circuit court erred in failing to hold a bifurcated hearing prior to sentencing Lyons as an habitual offender.
II. Whether the circuit court erred in dismissing Lyons' post-conviction motion without holding an evidentiary hearing.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. On March 27, 2001, Paul Lyons was indicted on two counts of sale of a controlled substance, and one count of possession of a controlled substance within fifteen hundred feet of a school. On August 15, 2001, the State moved to amend Lyons's indictment to allege that Lyons was an habitual offender pursuant to Mississippi Code Annotated Section 99-19-81 (Rev.2000). On September 27, 2001, the opening day of trial, the trial judge granted the State's motion to amend the indictment to charge Lyons as an habitual offender. The jury found Lyons guilty of possession of a controlled substance, but was unable to reach a verdict as to the two counts of sale of a controlled substance.
¶ 3. On October 8, 2001, Lyons was sentenced as an habitual offender to fifteen years in the custody of the Mississippi Department of Corrections. On December 10, 2001, Lyons filed a notice of appeal in the Circuit Court of Lincoln County. In an agreement reached after his notice of appeal, Lyons and the State agreed to a dismissal of the two counts of sale of a controlled substance, if Lyons would withdraw his appeal to the supreme court. A copy of the plea agreement is not included in the very scant record, but the conditions of the agreement are not disputed by the parties. On March 26, 2002, in compliance with the plea agreement, Lyons filed a motion to withdraw his appeal. On April 8, 2002, the supreme court issued a mandate dismissing his appeal. On March 22, 2002, the State filed a motion to nolle prosequi the two charges against Lyons of sale of a controlled substance.
¶ 4. On April 7, 2003, Lyons filed a motion for post-conviction relief in the Circuit Court of Lincoln County contending that the trial judge sentenced him as an habitual offender without conducting the required bifurcated hearing pursuant to Mississippi Code Annotated Section 99-18-81. On July 31, 2003, the circuit judge dismissed Lyons's motion, without conducting an evidentiary hearing. The trial judge held that Lyons could not proceed in the trial court because authority to do so had not been granted by the supreme court pursuant to Mississippi Code Annotated Section 99-39-7, and after the consideration of the exhibits, and prior proceedings it plainly appeared on the face of the motion that Lyons was not entitled to any relief.

ISSUES AND ANALYSIS
¶ 5. We will combine Lyons's first two issues and address them as follows:

I.

Whether the circuit court erred in failing to hold a bifurcated hearing *376 prior to sentencing Lyons as an habitual offender.
¶ 6. Lyons contends that the trial court erred in sentencing him as an habitual offender, because a bifurcated hearing was not held as required by the case law and the Rules of Circuit and County Court 11.03(2)(3). Lyons asserts that the State presented documentation of two previous convictions during its motion to amend the indictment, but no other proof was presented, and a bifurcated hearing was not conducted.
¶ 7. Rule 11.03 of the Uniform Circuit and County Court Rules mandates a separate hearing before a defendant can be adjudged an habitual offender and subjected to enhanced punishment, and states in relevant part:
2. Separate trials shall be held on the principal charge and on the charge of previous convictions. In the trial on the principal charge, the previous convictions will not be mentioned by the state or the court except as provided by the Mississippi Rules of Evidence.
3. If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.
URCCC 11.03(2)(3).
¶ 8. While Lyons is correct in asserting that a bifurcated hearing was required before his sentence could be enhanced as an habitual offender, the trial judge's order of dismissal noted that Lyons was in fact given a bifurcated hearing. The record before this Court contains no transcript of the trial or the bifurcated hearing. "As has been oft-stated, it is the duty of the appellant to see that the record of trial proceedings wherein error is claim is brought before this Court." Smith v. State, 572 So.2d 847, 849 (Miss.1990). In the absence of a contrary indication, this Court must accept as true that order of the trial judge, which is a part of the record before this Court, and which states unequivocally that Lyons was given a bifurcated hearing. This Court finds no merit to this issue.
¶ 9. Moreover, Lyons's motion for post-conviction relief is procedurally barred. The dismissal of his direct appeal from the supreme court was a final judgment. Once there has been a final judgment upon direct appeal, Mississippi Code Annotated Section 99-39-7 requires that the petitioner present any subsequent motion to a quorum of justices of the supreme court for permission to file in the trial court. Miss.Code Ann. § 99-39-7 (Supp.2003). The mandate issued in Lyons's appeal states: "In the proceedings held in the Courtroom, Carroll Gartin Justice Building, in the City of Jackson, Mississippi, the Supreme Court of Mississippi entered a final judgment as follows: Supreme Court Case # 2002-KA-00016 Trial Court Case # 2001-115-KS Paul Lyons v. State of Mississippi." Since the dismissal of Lyons's appeal was a final judgment, Mississippi Code Annotated Section 99-39-7 required that he file his motion for post-conviction relief in the supreme court, seeking permission to file in the trial court. Since Lyons did not follow proper court procedure, the trial court properly denied his relief, and we affirm this denial.

II.

Whether the circuit court erred in dismissing Paul Lyons' post-conviction motion without holding an evidentiary hearing.
¶ 10. Lyons contends that his motion for post-conviction relief was improperly dismissed as the trial judge did not conduct an evidentiary hearing.
*377 ¶ 11. In the case sub judice, procedural bar notwithstanding, we have repeatedly stated that "an evidentiary hearing is not necessary where the allegations in a petition for post-conviction relief are specific and conclusory." Cole v. State, 666 So.2d 767, 777 (Miss.1995). Mississippi Code Annotated Section 99-39-11(2) (Rev.2000) provides:
If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
Miss.Code Ann. § 99-39-11(2) (Rev.2000).
¶ 12. Under this statute, dismissal is appropriate where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Culbert v. State, 800 So.2d 546, 550(¶ 9) (Miss.Ct.App.2001), citing Turner v. State, 590 So.2d 871, 874 (Miss.1991). In his order the trial judge held that "it plainly appears on the face of the motion and all exhibits and prior proceedings that the movant is not entitled to any relief from this Court."
¶ 13. Where the trial court was not the court of proper jurisdiction an evidentiary hearing was not necessary, and Lyons's claim was properly dismissed. We find no error in the trial court's action, and affirm the denial of Lyons motion for post-conviction relief.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DISMISSING PETITION FOR POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LINCOLN COUNTY.
BRIDGES, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.