GRIFFIS, J.,
for the Court.
¶ 1. Willie Earl Gray appeals the dismissal of his motion for post-conviction collateral relief by the Circuit Court of Hinds County. He claims that his guilty plea was not voluntarily and intelligently made. Finding no error, we affirm.
FACTS
¶2. Gray was arrested for the sale of cocaine pursuant Mississippi Code Annotated section 41-29-139 (Rev.2005). An undercover officer with the Mississippi Bureau of Narcotics purchased the cocaine from Gray, and the transaction was videotaped. Gray requested the videotape during discovery. Gray’s counsel received the videotape and viewed it.
¶ 3. The State made a plea offer to Gray which expired on July 19, 2004. Gray’s counsel tried on two occasions — July 15, 2004, and July 18, 2004 — to have Gray view the videotape while he was incarcer *793 ated at the Hinds County Detention Center, but his efforts were unsuccessful. Gray claims that he was granted permission to watch the videotape, but permission was rescinded before he could watch the videotape.
¶ 4. During a motion hearing on this issue, the trial judge stated that Gray would be allowed to view the videotape during a recess in his trial. Gray did not view the videotape before the State withdrew its plea offer of five years on July 19, 2004. Although the record is unclear, it does not appear that Gray viewed the videotape before he pleaded guilty.
¶ 5. On August 4, 2004, Gray pleaded guilty to the sale of cocaine under section 41-29-139. On November 12, 2004, the trial court sentenced Gray to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Prior to his sentencing order, Gray improperly filed his notice of direct appeal with the supreme court on October 7, 2004. On February 16, 2005, Gray moved to voluntarily dismiss his appeal, and this Court granted his motion on February 28, 2005.
¶ 6. On August 27, 2007, Gray filed his motion for post-conviction collateral relief with the trial court. The trial court dismissed Gray’s motion. Gray appeals this dismissal and argues that his plea was not voluntarily and intelligently made because he was unable to view the videotape.
STANDARD OF REVIEW
¶ 7. A trial court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS

1. Was Gray’s motion properly before the trial court ?

¶ 8. The State argues that Gray’s motion for post-conviction collateral relief was not properly before the trial court because the dismissal of Gray’s first appeal was a final judgment. Therefore, Gray was required to obtain permission from the supreme court before filing a motion for post-conviction collateral relief in the trial court. Gray argues that he was procedurally barred from appealing his guilty plea directly to the supreme court; accordingly, his motion was properly filed with the trial court.
¶9. Gray’s appeal to the supreme court was improper. When Gray pled guilty, Mississippi Code Annotated section 99-35-101 (Rev.2007) provided that “[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.” Nevertheless, while a conviction from a plea of guilty may not be directly appealed, a defendant may directly appeal the sentence given as a result of that plea. Trotter v. State, 554 So.2d 313, 315 (Miss.1989). Gray pleaded guilty and was not appealing his sentence; therefore, his appeal to the supreme court was procedurally barred. Gray’s only recourse was to file a motion for post-conviction collateral relief with the trial court. Miss.Code Ann. § 99-39-7 (Rev.2007).
¶ 10. The State argues that a dismissal is a final judgment which “requires that the motioner present any subsequent motion to a quorum of justices of the supreme court for permission to file in the trial *794 court” under Mississippi Code Annotated section 99-39-7 (Rev.2007). Lyons v. State, 881 So.2d 373, 376(¶ 9) (Miss.Ct.App.2004). But Lyons is factually distinguishable from this case. Lyons was found guilty by a jury, and he subsequently filed a direct appeal in accordance with section 99-35-101. Id. at 375 (¶¶ 2-3). “In an agreement reached after his notice of appeal, Lyons and the State agreed to a dismissal of [additional charges against him], if Lyons would withdraw his appeal to the supreme court.” Id. at (¶ 3). This Court held that “[t]he dismissal of [Lyons’s] direct appeal from the supreme court was a final judgment.” Id. at 376(¶ 9).
¶ 11. Lyons does not address the issue presented here of whether the voluntary dismissal of a procedurally barred claim constitutes a final judgement within the meaning of section 99-35-101.
¶ 12. This Court finds the supreme court’s analysis in Martin v. State, 556 So.2d 357 (Miss.1990) helpful. Martin pleaded guilty to the sale of less than one ounce of marijuana, and he was sentenced to a term of three years in prison. His sentence was suspended, and he was placed on five years’ probation. Id. at 358. Martin’s probation was revoked after a subsequent arrest, and he filed a direct appeal to the supreme court. Id. The supreme court dismissed the motion “without prejudice for Martin to institute [a] post-conviction relief action under [Mississippi Code Annotated section 99-39-5(l)(g) (Supp.1998) ],” because “an order revoking probation is not directly appealable.” Id. The supreme court explained:
implicit in the scheme of the [Mississippi Uniform] Post-Conviction Relief Act is the requirement that in order for [the appellate court] to acquire exclusive, original jurisdiction over a motion filed thereunder, [the appellate court] must have previously made some final determination going to the merits of the underlying conviction and sentence. It is not enough ... that we dismissed an appeal without prejudice for lack of jurisdiction.
Id. at 359 (emphasis added).
¶ 13. Gray voluntarily dismissed his appeal, but if he had not done so, this Court would have dismissed it due to the procedural bar. Accordingly, we follow the supreme court’s direction in Martin and find that Gray’s motion for post-conviction collateral relief is not barred.

2. Was Gray’s guilty plea voluntarily and intelligently made?

¶ 14. Gray argues that his guilty plea was not voluntarily and intelligently made, because the State: (1) violated his constitutional right to view the evidence against him — the videotape — and (2) withdrew the plea offer before he was allowed to view the videotape.
¶ 15. A plea of guilty is binding only if it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). Such a plea is voluntary and intelligent when the defendant is informed of the charges against him and the consequences of his plea. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). He must also understand “the maximum and minimum penalties provided by law.” URCCC 8.04(A)(4)(b).
¶ 16. Gray argues that his guilty plea was not voluntary and intelligent because the State failed to comply with Rule 9.04 of the Uniform Rules of Circuit and County Court. He claims that he had a right to examine, inspect, test, and photograph all of the physical evidence in the possession of the State under Rule 9.04. However, this is not an accurate statement of the rule. Rule 9.04(A) states, in part, that:
*795 the prosecution must disclose to each defendant or to defendant’s attorney, and permit the defendant or defendant’s attorney to inspect, copy, test, and photograph upon written request and without the necessity of court order the following which is in the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecution:
[[Image here]]
5. Any physical evidence and photographs relevant to the case or which may be offered in evidence[.l
URCCC Rule 9.04 (emphasis added).
¶ 17. Rule 9.04 states that the defendant or his attorney must be permitted access to the evidence. The trial judge asked Gray’s counsel if he was able to watch the videotape, and Gray’s attorney answered that he watched it. Therefore, the State complied with Rule 9.04.
¶ 18. Despite Gray’s argument, the record reflects that his guilty plea was entered voluntarily and intelligently. The trial judge informed Gray of the charges against him, the consequences of his plea, and the maximum and minimum penalties provided by law. Gray swore that he understood the elements of the charge against him, listed the elements, and stated that he met the elements because he sold cocaine to an undercover agent on February 18, 2001. Gray understood the charge and how it related to his actions. Gray was asked if he understood that the trial judge could sentence him to up to thirty years of imprisonment and assess of a fíne of no less than $5,000 and up to $1,000,000. Gray answered yes. This Court finds no basis for Gray’s contention that his guilty plea was not voluntary and intelligent.
¶ 19. Furthermore, Gray does not provide this Court with any support for his assertion that the State acted improperly by setting a deadline for the plea offer and, subsequently, withdrawing the plea offer after that date passed. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.