# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00432-COA

**DAVID WILLIAM KENT, JR. A/K/A D. WILLIAM KENT, JR. A/K/A DAVIS WILLIAM KENT, JR.**                     APPELLANT

**v.**

**STATE OF MISSISSIPPI**                     APPELLEE

DATE OF JUDGMENT:                   03/08/2017
TRIAL JUDGE:                        HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:          HINDS COUNTY CIRCUIT COURT,
                                    FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:             BRENT M. BRUMLEY
ATTORNEY FOR APPELLEE:              OFFICE OF THE ATTORNEY GENERAL
                                    BY: SCOTT STUART
NATURE OF THE CASE:                 CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                        AFFIRMED: 05/15/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., FAIR AND GREENLEE, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    David Kent filed a motion for post-conviction relief alleging that the circuit court lacked a factual basis to accept his guilty plea. The circuit court dismissed Kent's PCR motion as time-barred, and he appeals. We affirm the dismissal as Kent has failed to present an adequate record to support his contentions.

## STANDARD OF REVIEW

¶2.    The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann.

§ 99-39-11(2) (Rev. 2015). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

¶4. At the outset, we note that the Mississippi Uniform Post Conviction Collateral Relief Act requires that motions for post-conviction relief contain the "identity of the proceedings in which the petitioner was convicted." *See Walker v. State*, 863 So. 2d 1, 10 (¶13) (Miss. 2003). Kent's PCR motion fails to do this adequately; it stated only that, in April 2012, he was indicted "on two counts of violating [Mississippi Code Annotated section] 97-5-31(b) by photographing or filming persons under the age of eighteen, and one of count of violating [the same section] by filming an adult female." Section 97-5-31(b) does not define an offense; rather, it defines the words "sexually explicit conduct" in the context of the statute prohibiting child pornography. The petition further states that, in March 2013, Kent entered a petition to plead guilty "to Count 1" followed by a guilty plea on March 13, 2014. Kent's PCR motion refers to an indictment and briefly quotes from a plea petition, but neither reference reveals a cause number, nor were the documents filed with the PCR motion.

¶5. After Kent's PCR motion was filed, the circuit court identified it with Hinds County cause number 12-0-403. The circuit court found Kent's PCR petition time-barred because

2

the conviction order in that cause number had been filed on March 7, 2013, more than three years prior to the filing of the PCR motion. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015). The conviction order in that case was attached to the circuit court's order dismissing the PCR motion. It named Kent as the defendant and identified his offense as "FILM W/O CONSENT 97-29-63." The sentence was fifteen years (six were suspended), which appears to exceed the maximum permitted under section 97-29-63 for a single count, either five years or ten years depending on when the offense was committed and the age of the victim. A ten-year sentence became possible when the statute was amended, effective July 1, 2012, to raise the maximum punishment to ten years if the victim was under the age of sixteen. *See* 2012 Miss. Laws ch. 557, § 2. Nonetheless, Kent has not challenged the legality of his sentence, and the record is insufficient for this Court to find it illegal with certainty.

¶6.    Kent repeats his ambiguous identification of the underlying offense and the inconsistent date of the conviction in his brief on appeal, but he does not acknowledge or discuss the inconsistencies with the sentencing order attached by the circuit court to its judgment; Kent appears to accept that the circuit court addressed the correct underlying conviction.

¶7.    Although the dates of the judgments and the identity of the offenses do not match, we acknowledge that the sentencing order attached by the circuit court to the judgment is probably the one Kent intended to challenge in his PCR motion. Still, the record is wholly inadequate to support Kent's claims—it does not contain the indictment, the plea petition,

3

or a transcript of the plea colloquy. As to the transcript, Kent alleges that the court reporter could not produce one, but that claim is not substantiated in the record. And even if Kent could not obtain a transcript, remedies were available through Mississippi Rule of Appellate Procedure 10, but they were not utilized here. *See Brooks v. State*, 208 So. 3d 14, 17 (¶¶4-6) (Miss. Ct. App. 2017). The failure to utilize Rule 10(c) "results in a procedural bar to raising the issue of an incomplete transcript on appeal." *Keller v. State*, 138 So. 3d 817, 837 (¶20) (Miss. 2014). As to the remainder of the record, Kent simply failed to designate it for appeal; his designation includes only the record from the PCR civil action.

¶8.    While this Court often orders supplementation of the record in post-conviction cases, on our own motion, we decline to do so in this instance for two reasons. First, Kent—unlike most post-conviction petitioners—is represented by counsel. And, second, his PCR motion failed to identify the underlying proceedings with adequate certainty.

¶9.    The circuit court's judgment is presumed to be correct. *See Birkhead v. State*, 57 So. 3d 1223, 1231 (¶28) (Miss. 2011). Kent was required to demonstrate error on appeal, and he was required to provide an adequate record to support his claims. *See Lyons v. State*, 881 So. 2d 373, 376 (¶8) (Miss. Ct. App. 2004); *see also* M.R.A.P. 28(a)(6). He has not done so, and so we affirm the dismissal of his PCR motion.

¶10.   **AFFIRMED.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**