# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00044-COA

**ANGELENA MILLER TIDWELL A/K/A**             **APPELLANT**
**ANGELENA TIDWELL**

**v.**

**STATE OF MISSISSIPPI**             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/2017 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANGELENA MILLER TIDWELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:   JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/16/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Angelena Miller Tidwell (Tidwell) filed a motion for post-conviction collateral relief (PCR). The circuit court denied Tidwell's PCR motion as being without merit, and she appeals. We affirm the denial of Tidwell's motion for post-conviction relief.

### FACTS AND PROCEDURAL HISTORY

¶2.     Tidwell filed the subject appeal without providing a sufficient record. The original record provided by Tidwell was only thirty-eight pages and failed to include, among other things, the indictment, a plea colloquy, any hearing transcripts, or a statement of evidence pursuant to Mississippi Rule of Appellate Procedure 10(c). Finding the record insufficient

to address even basic facts, an order was entered on November 14, 2019, requesting that the Lafayette County Circuit Clerk supplement the record with certified copies of all clerk's papers, transcripts, and exhibits filed in the circuit court (in cause number LK15-315).

¶3. According to the supplemented record, on June 22, 2015, Tidwell voluntarily entered the Lafayette County Sheriff's Department and asked to speak to an investigator. She spoke with Deputy John Dukes and handed him an envelope containing sexually explicit images of a man and a child who was less than a year old. Tidwell identified the man as her ex-husband. A subsequent search warrant revealed more photographs and video footage of the same man and infant engaged in sexual acts. The photographs and videos obtained during the search revealed that Tidwell also participated in the acts along with her ex-husband.

¶4. On June 23, 2015, Tidwell was arrested and charged with statutory rape, possession of child pornography, and unnatural intercourse. On September 15, 2015, a Lafayette County grand jury returned an eight-count indictment against Tidwell. Count 1 of the indictment stated that on June 23, 2009, in Lafayette County, Mississippi, Tidwell unlawfully, wilfully, and feloniously engaged in sexual penetration of a child under the age of fourteen by performing cunnilingus on the minor in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2014). Count 2 of the indictment stated that on June 23, 2009, in Lafayette County, Mississippi, while acting in concert with and/or aiding, abetting, assisting, or encouraging another, Tidwell unlawfully, wilfully, and feloniously engaged in sexual penetration of a child under the age of fourteen by inserting a penis into the vagina of the minor in violation of section 97-3-95(1)(d). Count 3 of the indictment stated that on June 23,

2

2009, in Lafayette County, Mississippi, while acting in concert with and/or aiding, abetting, assisting, or encouraging another, Tidwell unlawfully, wilfully, and feloniously engaged in sexual penetration of a child under the age of fourteen by inserting a finger into the minor's rectum in violation of section 97-3-95(1)(d). Count 4 of the indictment stated that on June 23, 2009, in Lafayette County, Mississippi, while acting in concert with and/or aiding, abetting, assisting, or encouraging another, Tidwell unlawfully, wilfully, and feloniously engaged in sexual penetration of a child under the age of fourteen by inserting a penis into the minor's rectum in violation of section 97-3-95(1)(d). Count 5 of the indictment stated that on June 23, 2009, in Lafayette County, Mississippi, while acting in concert with and/or aiding, abetting, assisting, or encouraging another, Tidwell unlawfully, wilfully, and feloniously engaged in sexual penetration of a child under the age of fourteen by inserting a penis into the minor's mouth in violation of section 97-3-95(1)(d). Count 6 of the indictment stated that on June 23, 2009, in Lafayette County, Mississippi, while acting in concert with and/or aiding, abetting, assisting, or encouraging another, Tidwell did unlawfully, wilfully, and feloniously photograph, film, video tape, or otherwise depict a child under the age of fourteen engaging in sexually explicit (or the simulation of sexually explicit) conduct in violation of Mississippi Code Annotated section 97-5-33(2) (Rev. 2014). Counts 7 and 8 of the indictment involved charges pertaining to unnatural intercourse with a dog and are not part of this appeal.[1]

_____

[1] Tidwell's attorney filed a demurrer to the indictment on October 22, 2015, regarding Counts 7 and 8 of the indictment. The two counts of unnatural intercourse with a dog occurred on May 1, 2001, and November 1, 2011. Because they were not prosecuted within two years, they were time-barred and ultimately dismissed.

¶5.    Tidwell underwent a court-ordered psychological evaluation based upon a motion filed by her original court-appointed attorney Leroy Percy. The exam was conducted by Dr. Louis Masur on or about July 1, 2016. A copy of his report was obtained during the supplemental production. Dr. Masur was asked "whether or not [Tidwell] has [the] sufficient present ability to consult with her attorney with a reasonable degree of rational understanding in the preparation of her defense and has a rational as well as factual understanding of the nature and object of the legal proceedings against her." Dr. Masur concluded as follows: "I opine that Ms. Tidwell has sufficient present ability to consult with her attorney with a reasonable degree of rational understanding in the preparation of her defense and has a rational as well as factual understanding of the nature and object of the legal proceedings against her." Secondly, Dr. Masur was asked "to describe her mental state at the time of the alleged offense with respect to her ability to know the nature and quality of her acts and to know the difference between right and wrong in relation to her alleged acts at that time." Dr. Masur concluded as follows: "I have no knowledge of mental state defects at the time of the alleged offense which would interfere with her ability to know the nature and quality of her acts and to know the difference between right and wrong in relation to her alleged acts at the time."

¶6.    On March 17, 2016, Leroy Percy, the court-appointed attorney for Tidwell, filed a motion to withdraw as counsel. The motion stated that a conflict had arisen between Percy and Tidwell due to Tidwell's belief that Percy was not representing her best interests. Percy believed the conflict was irreconcilable and filed the motion, which the trial court granted.

On Aril 20, 2016, Preston Ray Garrett was appointed as Tidwell's new counsel. Trial was set for October 11, 2016.

¶7.     Tidwell filed a petition to offer a plea of guilty on October 5, 2016. Tidwell pled guilty to the remaining counts of the indictment before the trial court on October 6, 2016.[2] After a hearing, the court accepted Tidwell's plea and sentenced her as follows: "Life on Count I: Life on Count II: Life on Count III 40 years, 15 years suspended and 25 years to serve on Count VI. All counts shall run concurrent."

¶8.     On November 14, 2017, Tidwell filed a PCR motion, which was denied on November 16, 2017. Tidwell appealed.

## STANDARD OF REVIEW

¶9.     "A trial court's denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous." *Smith v. State*, 806 So. 2d 1148, 1150 (¶3) (Miss. Ct. App. 2002). "However, when issues of law are raised, the proper standard of review is de novo." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999).

## DISCUSSION

¶10.    Tidwell lists thirteen issues in her brief. Tidwell's issues all pertain to whether she entered a knowing, intelligent, and voluntary guilty plea, whether she was mentally competent to enter that plea, and whether she received ineffective assistance of counsel.

---

[2] As to Count 3 of the indictment, Tidwell entered an *Alford* plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). In essence, Tidwell pled guilty because she understood and agreed that the evidence offered at trial regarding Count 3 would likely prove she committed the act, but on this particular count, she was not admitting that she committed the act as charged.

Based upon the information contained in the transcript of her plea hearing, the mental evaluation performed, and for the reasons outlined below, her issues are without merit.

¶11. It must be noted from the outset that Tidwell has cited no authority for her claims on appeal. "[A]n appellant has a duty to make more than mere assertions, and should set forth reasons and cite authority in support of his arguments." *Mitchell v. State*, 915 So. 2d 1, 8 (¶22) (Miss. Ct. App. 2005) (citing *Clark v. State*, 503 So. 2d 277, 280 (Miss. 1987)). "When an appellant fails to cite any legal authority or to offer any record evidence in support of a claim of error, the issue is procedurally barred, and this Court will not consider that issue on appeal." *Billups v. State*, 270 So. 3d 917, 923 (¶21) (Miss. Ct. App. 2018) (citing *Haskins v. State*, 159 So. 3d 1222, 1224 (¶8) (Miss. Ct. App. 2015)).

¶12. Secondly, upon filing of the instant appeal, Tidwell failed to provide an adequate record for review. Our Supreme Court has specifically held that "as has been oft-stated, it is the duty of the appellant to see that the record of trial proceedings wherein error is claimed is brought before this Court." *Smith v. State*, 572 So. 2d 847, 849 (Miss. 1990). As in the present case, when the record contains no documentation, this Court has stated that "[i]n the absence of a contrary indication, this Court must accept as true that order of the trial judge, which is part of the record before this Court . . . ." *Lyons v. State*, 881 So. 2d 373, 376 (¶8) (Miss. Ct. App. 2004). In affirming the circuit court's dismissal of a PCR motion, this Court in *Kent v. State*, 269 So. 3d 401 (Miss. Ct. App. 2018), stated that "Kent was required to demonstrate error on appeal, and he was required to provide an adequate record to support his claims." *Id*. at 403 (¶6).

¶13. Tidwell failed to provide an adequate record. Tidwell failed to offer any authority or evidence to support any of her claims of error. As such, the circuit court's denial of Tidwell's PCR motion should be affirmed. Notwithstanding the previous discussion, the record in this matter was supplemented pursuant to an order on or about November 14, 2019. The documents received in response to that order included, but are not limited to, the following: the indictment, the plea petition, the report and conclusions of the psychological exam of Tidwell by Dr. Masur, and the transcript of the plea colloquy.

¶14. The report and findings from Dr. Masur's evaluation of Tidwell show unequivocally that she was able to assist her attorney in preparing her defense and capable of understanding the charges against her. As stated in Dr. Masur's report, "I opine that Ms. Tidwell has sufficient present ability to consult with her attorney with a reasonable degree of rational understanding in the preparation of her defense and has a rational as well as factual understanding of the nature and object of the legal proceedings against her." Further, Dr. Masur's report found her capable of knowing right from wrong at the time the subject acts were committed: "I have no knowledge of mental state defects at the time of the alleged offense which would interfere with her ability to know the nature and quality of her acts and to know the difference between right and wrong in relation to her alleged acts at the time."

¶15. In *Joiner v. State*, 61 So. 3d 156 (Miss. 2011), our Supreme Court stated that "[i]t is well-settled that a knowing and voluntary guilty plea waives certain constitutional rights, among them the privilege against self-incrimination, the right to confront and cross-examine the State's witnesses, the right to a jury trial, and the right to have the State prove each

element of the offense beyond a reasonable doubt." *Id*. at 158 (¶7) (quoting *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)). Further, the court in *Joiner* said that "beyond the constitutional rights that may be waived, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Id*. at 158-59 (¶7) (quoting *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992)).

¶16.    In addition to the petition to enter a guilty plea signed and submitted by Tidwell, the plea colloquy reveals that Tidwell's guilty plea was knowing, intelligent, and voluntary. The trial judge questioned Tidwell thoroughly. Specifically, the trial judge questioned Tidwell regarding the voluntariness of her plea, verifying what was in the filed plea petition, if she had been given an opportunity to discuss the petition with her attorney, if her attorney had explained the petition to her, if she was satisfied with her attorney, and whether she understood all the rights she was giving up by pleading guilty. Tidwell answered affirmatively to all of the judge's questions. Additionally, Tidwell denied being under the influence of anything that would impair her, having any type of disability, or being threatened or promised anything in exchange for her guilty pleas.

¶17.    Tidwell failed to provide an adequate record on appeal. Tidwell offered no authority or any evidence from the record supporting her claims of error. Tidwell instead relied on mere assertions in each and every claim of error raised in the subject PCR motion and subsequent appeal.  Notwithstanding the procedural bars to Tidwell's claims, the Lafayette County Circuit Clerk supplemented the record pursuant to an order of this Court. After

8

reviewing the record as supplemented, Tidwell knowingly, intelligently, and voluntarily entered a plea of guilty, was found mentally competent to enter such a plea, and received effective assistance of counsel. As such, her claims are without merit. For the foregoing reasons the circuit court's denial of Tidwell's PCR motion is affirmed.

¶18. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. BARNES, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**