# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00034-COA

THOMAS LEE JILES                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/02/2020 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS LEE JILES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/18/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     On April 10, 2019, Thomas Jiles pled guilty to armed robbery in Warren County, Mississippi. The Warren County Circuit Court sentenced Jiles in part to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC). At the time he committed the armed robbery, Jiles was on parole for a prior conviction of uttering forgery.[1] After he pled guilty to armed robbery, Jiles's parole for his prior conviction was revoked. Jiles filed a motion in the Warren County Circuit Court for post-conviction collateral relief

---

[1] It is unclear from the record in which county Jiles actually pled guilty to, and was placed on parole for, uttering forgery. This matter is discussed in more detail in paragraph four.

(PCR), alleging two issues: (1) his parole revocation violated his due process rights; and (2) his counsel was constitutionally ineffective. The Warren County Circuit Court dismissed Jiles's PCR motion, holding that the court did not have jurisdiction to review the revocation of Jiles's parole imposed on him by another county's circuit court and holding Jiles's ineffective-assistance-of-counsel claim was without merit because Jiles submitted "only his own declaration and the bare allegations of the motion itself." Jiles appealed the dismissal. After review of the record, this Court affirms the circuit court's order dismissing Jiles's PCR motion for lack of jurisdiction and for failing to provide a sufficient record.

**ANALYSIS**

¶2. This Court reviews a circuit court's dismissal of a PCR motion for abuse of discretion. *See Kennedy v. State*, 287 So. 3d 258, 263 (¶12) (Miss. Ct. App. 2019) (citing *Ware v. State*, 258 So. 3d 315, 317-18 (¶7) (Miss. Ct. App. 2018)). Appellate courts will only reverse a trial court's dismissal of a PCR motion if the decision is "clearly erroneous." *Id*. Questions of law are reviewed de novo. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2015).

¶3. Jiles appealed the revocation of his parole, which another county's circuit court had imposed, in a PCR motion he filed in the Warren County Circuit Court. "A motion for post-conviction relief 'must be filed in the trial court where the sentence was initially imposed.'" *Thompson v. Turner*, 294 So. 3d 678, 679 (¶4) (Miss. Ct. App. 2020) (quoting *Smith v. Epps*, 210 So. 3d 982, 984 (¶8) (Miss. Ct. App. 2015) (Mississippi Code Annotated section 99-39-7 requires a PCR motion to "be filed in the trial court where the sentence was initially imposed.")).

¶4.     On December 9, 2014, Jiles was convicted and sentenced in either Yazoo County or Madison County, Mississippi, for uttering forgery. In its order dismissing the PCR motion, the Warren County Circuit Court indicated that Jiles "was on parole for a Madison County . . . uttering forgery conviction . . . ." However, it is unclear from the record which county Jiles's prior conviction and sentence for uttering forgery actually occurred. There was no plea petition, plea-hearing transcript, or sentencing order indicating in which county Jiles was actually convicted and sentenced for uttering forgery. The only document in the record regarding uttering forgery was a warrant for a probation violation, which indicated Jiles pled guilty to the charge of uttering forgery in Yazoo County. For purposes of this appeal, it does not matter if his prior conviction was in Yazoo County or Madison County. Regardless of the county in which the uttering-forgery conviction actually occurred, the Warren County Circuit Court did not have jurisdiction to address a PCR motion concerning the criminal judgment for uttering forgery imposed in another county. Jiles should have filed his PCR motion with the "trial court where [his] sentence was initially imposed." *Thompson*, 294 So. 3d at 679 (¶4). Therefore, the Warren County Circuit Court properly dismissed Jiles's PCR motion for lack of jurisdiction in this regard.

¶5.     Jiles also argues that he received ineffective assistance of counsel. However, it is unclear whether he is alleging ineffective assistance of counsel for his Warren County armed-robbery conviction or the uttering-forgery parole revocation. For the purposes of this appeal, it is clear that Jiles attached no affidavits or documents to support his claims in the circuit court. He also failed to develop the record for this Court to review his ineffective-assistance-

3

of-counsel claim. Mississippi Code Annotated section 99-39-11(2) (Rev. 2020) states that a trial judge may dismiss a PCR motion "if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." The Mississippi Supreme Court has held that "it is the duty of the appellant to see that the record of trial proceedings wherein error is claimed is brought before this Court." *Tidwell v. State*, 297 So. 3d 1142, 1146 (¶12) (Miss. Ct. App. 2020) (quoting *Smith v. State*, 572 So. 2d 847, 849 (Miss. 1990)). In other words, the petitioner is "required to provide an adequate record to support his claims." *Kent v. State*, 269 So. 3d 401, 403 (¶9) (Miss. Ct. App. 2018). Additionally, this Court has held that "[i]n the absence of contrary indication, this Court must accept as true that order of the trial judge . . . ." *Lyons v. State*, 881 So. 2d 373, 376 (¶8) (Miss. Ct. App. 2004).

¶6.     The Warren County Circuit Court found that Jiles's "declaration was insufficient to support his claim" of ineffective assistance of counsel. The court noted that Jiles submitted "only his own declaration and the bare allegations of the motion itself that his attorney refused to file a motion to dismiss asserting violations of his due process rights." Jiles did not provide any "contrary indication" in his appeal. *See id*. Therefore, this Court "must accept as true" the findings in the circuit court's order. *Id.* The Warren County Circuit Court properly dismissed Jiles's ineffective-assistance-of-counsel claim because he failed to support his assertions, and he failed to develop a sufficient record.

## CONCLUSION

¶7.     Upon review of the record before this Court, we affirm the Warren County Circuit

4

Court's order dismissing Jiles's PCR motion for lack of jurisdiction. Further, we agree with the Warren County Circuit Court that Jiles failed to provide an adequate record for that court and this Court to evaluate his ineffective-assistance-of-counsel claim.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**