# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00157-COA

**ROBERT EARL HARVEY, JR.**                                        APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                          APPELLEE

DATE OF JUDGMENT:          01/20/2023
TRIAL JUDGE:               HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED: MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    ROBERT EARL HARVEY JR. (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
                           BY:  ASHLEY LAUREN SULSER
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:               AFFIRMED - 10/31/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Robert Earl Harvey Jr., appearing pro se, appeals from the Madison County Circuit Court's order dismissing his motion for post-conviction collateral relief (PCR). Finding no error, we affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2.     Harvey pled guilty to first-degree murder in the Madison County Circuit Court on May 9, 2011. The court sentenced him to life imprisonment. Eleven years later, he filed a motion for PCR, arguing that he received ineffective assistance of counsel and that his guilty plea was involuntary. He also argued that his sentence was illegal because he allegedly would have received the same sentence had he gone to trial. On January 20, 2023, the circuit

court dismissed Harvey's PCR motion as time-barred. The court also found that he did not make a sufficient showing of ineffective assistance of counsel to overcome the time-bar. On February 10, 2023, Harvey filed his notice of appeal.

**STANDARD OF REVIEW**

¶3.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)). "The circuit court may summarily dismiss a PCR motion without an evidentiary hearing if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Kent v. State*, 269 So. 3d 401, 402 (¶2) (Miss. Ct. App. 2018).

**DISCUSSION**

¶4.     The Mississippi Uniform Post-Conviction Collateral Relief Act requires that PCR motions be filed "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). To survive the time-bar, the petitioner must demonstrate that a statutory exception applies. These statutory exceptions include (1) "an intervening decision . . . which would have actually adversely affected the outcome of his conviction or sentence"; (2) "evidence, not reasonably discoverable at the time of trial, which . . . would have caused a different result in the conviction or sentence"; (3) "biological evidence not tested, or . . . subject[] to additional DNA testing," to show "that the petitioner

2

would not have been convicted or would have received a lesser sentence"; or (4) a claim that the petitioner's "sentence has expired or his probation, parole or conditional release has been unlawfully revoked." *Id*. § 99-39-5(2)(a)-(b).

¶5.     Harvey's motion comes eleven years after his conviction for first-degree murder. This motion was filed well outside the three-year statutory limitations. In efforts to overcome the time-bar, Harvey makes three arguments: he asserts that (1) the prosecutor used unconstitutional tactics to induce him to submit a guilty plea; (2) his attorney failed to challenge the prosecutor's tactics, which allegedly constituted ineffective assistance of counsel; and (3) his sentence is illegal because the life sentence he received would have been the exact same life sentence he would have received had he gone to trial. None of these claims fall within the enumerated statutory exceptions to overcome the three-year statutory limitations. They are more in line with the judicially crafted fundamental-rights exception to the time-bar. *See Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023). However, our Supreme Court overturned precedent that "the courts of Mississippi can apply the judicially crafted fundamental-rights exception to constitutional, substantive enactments of the Legislature . . . for post-conviction relief." *Howell v. State*, 358 So. 3d 613, 615 (¶8) (Miss. 2023). Accordingly, Harvey's claims cannot survive the statute of limitations, so we affirm the circuit court's ruling.

## CONCLUSION

¶6.     Harvey failed to establish a statutory exception applies to overcome the three-year statute of limitations. Since we are bound by the Supreme Court's ruling in *Howell*, we must

3

find that Harvey's claims fail.  Accordingly, we find no error in the circuit court's order dismissing Harvey's PCR motion.

¶7.	**AFFIRMED.**

	**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.  WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  EMFINGER, J., NOT PARTICIPATING.**